UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILDEARTH GUARDIANS, a<br>New Mexico nonprofit corporation,<br>301 N. Guadalupe St., Suite 201<br>Santa Fe, New Mexico 87501<br><br>     Plaintiff,<br><br>     v.<br><br>U.S. FOREST SERVICE,<br>a federal agency,<br>1400 Independence Ave., S.W.<br>Washington, DC 20250<br><br>     Defendant. | Case No. 1:25-cv-885<br><br>COMPLAINT FOR<br>DECLARATORY AND<br>INJUNCTIVE RELIEF |

## INTRODUCTION

1.  This case concerns the failure of Defendant, the U.S. Forest Service ("Forest Service"), to conduct an adequate search for records regarding timber sales on public lands in the Pacific Northwest, and the agency's unlawful withholding of responsive records from Plaintiff WildEarth Guardians ("Guardians"). This failure to comply with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, impedes Guardians' public interest conservation mission and infringes on the public's right to know what activities their government is planning to conduct on public lands, how it aims to use public resources, and what social and environmental impacts are likely to result.

2.  Guardians filed a FOIA request for documents concerning the extent and intensity of logging on National Forest lands in the Pacific Northwest in April, 2024. Several months later, the Forest Service responded, stating that it had found 13,050 pages of responsive records. It released only 7,127 pages, withholding roughly **45 percent** of the documents under the

"deliberative process privilege."

3.  The Forest Service did not identify or describe the withheld documents, nor did it explain its reasoning beyond a perfunctory assertion that disclosure might create a "chilling effect on future conversations." The Forest Service did not explain what reasonably foreseeable harm would be caused by releasing any of these documents.

4.  Guardians administratively appealed the Forest Service's decision, but to date has received no substantive response from the agency.

5.  The Forest Service's failure to comply with FOIA frustrates Guardians' public-interest conservation and education mission. To remedy these violations, Guardians seeks an order declaring that the Forest Service has failed to comply with FOIA and ordering the Forest Service to promptly locate and disclose all responsive records.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331 and 1361. This Court can grant declaratory relief pursuant to 28 U.S.C. § 2201 and injunctive relief pursuant to 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B). This Court has authority to award costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

7.  Venue in this Court is appropriate under 5 U.S.C. § 552(a)(4)(B), which provides that all FOIA cases may be heard in this district, and 28 U.S.C. § 1391, because the Forest Service has its primary office in this district.

## PARTIES

8.  Plaintiff WILDEARTH GUARDIANS is a nonprofit organization dedicated to protecting the wildlife, wild places, wild rivers, and health of the American West. Guardians is headquartered in New Mexico and maintains offices in Arizona, Colorado, Montana, Oregon,

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF—2

and Washington, and has over 179,000 members and supporters across the country.

9. One of Guardians' primary goals is to protect public lands from irresponsible commercial logging, including in the iconic forests of the Pacific Northwest. Guardians and its members are particularly concerned by logging in mature and old-growth forests across Oregon and Washington, which can devastate the unique habitat such forests provide for threatened and endangered species such as the northern spotted owl. The fate of these landscapes and the species that depend on them is central to Guardians' conservation mission.

10. Guardians has a long history of engaging with the Forest Service and the public regarding forest management issues. Guardians uses the information that it acquires through FOIA to participate in federal decisionmaking processes, to file administrative appeals and civil actions, and generally to ensure that federal agencies comply with federal environmental laws.

11. Guardians also employs public education, community organizing, and information sharing to ensure the protection of public lands in the Pacific Northwest; the records it obtains through FOIA requests are crucial to these efforts. Guardians' efforts have significantly contributed to public understanding of governmental activities associated with public land management. Indeed, Guardians shared several documents released under this specific FOIA request with members of the press, who have already published multiple articles based on these records. The timely and complete disclosure of these documents is crucial to Guardians' continuing efforts to engage and educate the public about government activities on public lands.

12. Guardians, its staff, and its members are directly injured by the Forest Service's failure to comply with FOIA's clear statutory requirements. The relief requested here can redress these injuries. Guardians brings this action on behalf of itself, its staff, and its members.

13. Defendant UNITED STATES FOREST SERVICE is a federal agency within the

Department of Agriculture and is in possession, custody, or control of the records sought by Guardians; as such, it has a legal obligation to comply strictly with FOIA. *See* 5 U.S.C. § 552(f).

## LEGAL BACKGROUND

14. Congress enacted FOIA to grant broad public access to government information, and "focuses on the citizens' right to be informed about 'what their government is up to.'" *U.S. Dep't of Just. v. Reps. Comm. for Freedom of Press*, 489 U.S. 749, 773 (1989). It is intended to ensure transparency, public access, and an informed citizenry capable of holding government leaders accountable.

15. In keeping with these lofty purposes, FOIA establishes a judicially enforceable public right to secure government information. Federal agencies must make their records "promptly available to any person" who properly requests them under FOIA. 5 U.S.C. § 552(a)(3)(A). A requestor must provide a reasonable description of the records sought. *Id.* The agency is obligated to construe the request liberally and may not narrow the scope of its search to exclude relevant information, although it may "reasonably" ask the requestor for further information to clarify the scope of the request. 5 U.S.C. § 552(a)(6)(A)(ii)(I).

16. On receiving a FOIA request, an agency must promptly conduct a search calculated to uncover all relevant documents. *See Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). The adequacy of an agency's search is judged by a reasonableness standard that favors disclosure, consistent with the FOIA's broad disclosure mandate. *See Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999). The agency must search in all reasonably likely locations of the records sought, "using methods which can be reasonably expected to produce the information requested." *Oglesby*, 920 F.2d at 68.

17. Once the agency has completed its search, it must promptly make all responsive records available to the requestor. 5 U.S.C. § 552(a)(3)(A). Only under limited circumstances may the agency withhold any such records—FOIA explicitly sets forth a "basic policy of 'full agency disclosure[.]'" *Reps. Comm.*, 489 U.S. at 773 (quoting *Dep't of Air Force v. Rose*, 425 U.S. 352, 360 (1976)).

18. The agency may withhold records only pursuant to one of nine exemptions set forth in "clearly delineated statutory language." *Id.* The agency bears the burden of demonstrating that the information it wishes to withhold falls under one of these "clearly delineated" exemptions. Both Congress and the courts have repeatedly emphasized that FOIA is a *disclosure* statute, not a withholding statute, and that the exemptions are to be construed as narrowly as possible.

19. The FOIA "Exemption 5" covers "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). "To qualify, a document must thus satisfy two conditions: its source must be a Government agency, and it must fall within the ambit of a privilege against discovery under judicial standards that would govern litigation against the agency that holds it." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). As relevant here, Exemption 5 applies to records that would be shielded from discovery under the "deliberative process privilege." *See id.* Such records must be both "pre-decisional" and "deliberative" in nature, *Machado Amadis v. Dep't of State*, 971 F.3d 364, 370 (D.C. Cir. 2020), and must not have been previously disclosed to another party. *See In re Sealed Case*, 121 F.3d 729, 741 (D.C. Cir. 1997).

20.     "The point [of Exemption 5] is not to protect Government secrecy pure and simple, however[.]" *Klamath*, 532 U.S. at 9. Out of concern that "agencies are overusing these exemptions," Congress in 2016 amended FOIA to add an additional "foreseeable harm" standard. H.R. Rep. No. 391, 114th Cong., 2d Sess. 9 (2016). Even if a requested record might be privileged, it must be disclosed unless the agency "reasonably foresees that disclosure **would** harm an interest protected by" the exemption it seeks to invoke. 5 U.S.C. § 552(a)(8)(A)(i)(I) (emphasis added); *see also Machado Amadis*, 971 F.3d at 371 (stating agency must establish that disclosure "would," rather than "could," cause harm). In adopting this standard, Congress specifically noted that "[t]he deliberative process privilege is the most used privilege and the source of the most concern regarding overuse." H.R. Rep. No. 391, at 9–10.

21.     Finally, even if a document contains some information that is deliberative, pre-decisional, privileged, and harmful to the government, the agency must "consider whether partial disclosure of information is possible" and disclose "[a]ny reasonably segregable portion of a record . . . after deletion of the portions of the record which are exempt." 5 U.S.C. § 552(b); *see also id.* § 552(a)(8)(A) (agency must take "reasonable steps necessary to segregate and release nonexempt information").

22.     Once the agency responds to a FOIA request, the requester has the right to appeal any adverse aspect of the agency's decision. 5 U.S.C. § 552(a)(6)(A)(i). An agency must make a determination on an appeal within 20 working days. *Id.* § 552(a)(6)(A)(ii). Failure to make this determination within statutory time limits may be construed as a denial, and the requester may bring suit in federal district court at that time. *See id.* § 552(a)(4)(B); *Oglesby*, 920 F.2d at 71.

23.     The district court has jurisdiction to enjoin an agency from withholding records and to order an agency to produce any records that have been improperly withheld. 5 U.S.C.

§ 552(a)(4)(B). To ensure agency compliance with FOIA and effectuate its statutory purposes, the court may also assess reasonable litigation costs against the United State where the plaintiff has substantially prevailed, whether through obtaining a favorable court order or through a change in agency position in response to litigation. *Id*. § 552(a)(4)(E).

24. The agency carries the burden of sustaining its action in FOIA litigation. *Id.* § 552(a)(4)(B). In evaluating the adequacy of the agency's search, a court reviews the record de novo. *Id.* § 522(a)(4)(B).

## FACTUAL BACKGROUND

25. On April 24, 2024, Guardians filed a FOIA request (No. 2024-FS-R6-04259-F) for "all records related to [Forest Service] timber targets in the Pacific Northwest Region (Region 6) since January 1, 2017."[1]

26. "Timber targets" describe the amount of wood the Forest Service, and its component National Forests, intend to produce through logging on public lands each year. This logging is accomplished through contracts with private timber companies. Timber targets have increased substantially in recent years, although the logging is often approved under the aegis of "restoration" or "wildfire prevention" projects. This approach allows the Forest Service to "streamline" environmental review by using emergency authorities intended to address wildfire risk.

27. Guardians sought Forest Service records related to timber targets to better understand how these goals had changed in recent years, what legal authorities the agency was invoking to accomplish them, and what environmental and economic impacts have resulted thus

---

[1] The National Forest System is divided into nine regions. The Pacific Northwest, or "Region 6," consists of the 16 National Forests and 24.7 million acres of public Forest lands across Oregon and Washington.

far, and to increase public awareness of these issues.[2]

28. The Forest Service responded on September 23, 2024, stating that it had identified 13,050 document pages and 7.7 MB of spreadsheet data as responsive to Guardians' request. The agency agreed to release the spreadsheet data and 7,127 pages in full, but asserted that it was withholding the remaining 5,916 pages of responsive records under Exemption 5.

29. The Forest Service also partially redacted 51 pages of documents pursuant to Exemption 5, although it did not disclose these withholdings in its response letter.[3]

30. The Forest Service did not identify the withheld documents beyond asserting that they were "inter-agency discussions on decision making matters."

31. The Forest Service did not explain what reasonably foreseeable harm release of the withheld documents would cause. Instead, the agency broadly asserted that:

> Any release of this information could violate the deliberative process privilege and could have a chilling effect on future conversations. The need for staff to speak openly and candidly is important and leads to a better decision-making process. Any chilling effect on agency discussions could undermine the agency's ability to perform its duties.

32. On December 16, 2024, Guardians timely filed an administrative appeal (No. 2025-FS-WO-00025-A) challenging the adequacy of the Forest Service's search, the lawfulness of its withholdings under Exemption 5, and the agency's failure to appropriately segregate and

---

[2] Two articles based on the unredacted documents obtained through this FOIA request have already been published. *See* Nathan Gilles, Forest Service Is Using Threat of Wildfires to Meet Timber Targets, Documents Show, OREGONLIVE (Feb. 7, 2025), https://www.oregonlive.com/environment/2025/02/forest-service-is-using-threat-of-wildfires-to-meet-timber-targets-documents-show.html; Nathan Gilles, *A Fuel Break Project Near Mount Hood Could Remove Old-Growth, Critics Say*, Columbia Insight (Feb. 13, 2025), https://columbiainsight.org/a-mount-hood-forest-fuel-break-project-could-remove-old-growth-trees/.

[3] The Forest Service also partially redacted seven pages pursuant to FOIA Exemption 6, withholding "cell phone numbers, addresses, and/or email addresses of non-government employees." Guardians does not challenge these redactions.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF— 8

disclose non-exempt portions of any truly exempt documents. The Forest Service acknowledged receipt of the appeal that same day.

33. Under FOIA's strict statutory deadline, the Forest Service was obligated to make a determination on the administrative appeal within 20 working days—by January 17, 2025. The agency has yet to do so, and so has constructively denied Guardians' appeal.

34. Guardians has exhausted all applicable administrative remedies with respect to FOIA request No. 2024-FS-R6-04259-F and appeal No. 2025-FS-WO-00025-A.

35. Guardians now brings suit in this Court, seeking an order compelling the Forest Service to conduct an adequate search for responsive records and to promptly release all non-exempt records or portions of records.

36. Based on the nature of Guardians' professional activities, Guardians will continue to rely on FOIA to request Forest Service documents for the foreseeable future. Guardians' professional activities will be adversely affected if the Forest Service is allowed to continue violating FOIA's disclosure provisions. Unless enjoined and made subject to a declaration of Guardians' legal rights by this Court, the Forest Service will continue to violate Guardians' rights to receive public records under FOIA.

## FIRST CLAIM FOR RELIEF
**The Forest Service Failed to Conduct an Adequate Search for Responsive Records**

37. Guardians incorporates by reference the allegations in the preceding paragraphs.

38. The Forest Service has a statutory obligation to perform an adequate search reasonably calculated to uncover all records responsive to Guardians' FOIA request. 5 U.S.C. §§ 552(a)(3)(C)–(D). Under FOIA, "agencies bear the burden of demonstrating the adequacy of their search beyond a material doubt." *Transgender L. Ctr. v. Immigr. & Customs Enf't*, 46 F.4th 771, 780 (9th Cir. 2022); *see also Heritage Found. v. Dep't of Just.*, 743 F. Supp. 3d 29, 35

(D.D.C. 2024). The Forest Service has not done so here, and there are concrete indicia that documents are missing from the records produced by the agency's search.

39. Multiple pages referenced in the documents produced by the Forest Service do not themselves appear in these records. *See Hall v. C.I.A.*, 881 F. Supp. 2d 38, 61–62 (D.D.C. 2012) (Where "specific records, photographs, or attachments are referenced in [an agency's] documents, it is no longer 'mere speculation' that the files exist."). More broadly, many documents and categories of documents that would likely have been produced by an adequate search were not released.

40. Without providing more information regarding the Forest Service's search methods and the documents it located but withheld, the agency cannot establish the adequacy of its search.

41. The Forest Service has failed to conduct a search reasonably calculated to uncover all documents relevant to Guardians' FOIA request.

42. Guardians is entitled to injunctive relief compelling the Forest Service to describe its search methods, conduct an adequate search for responsive records, and promptly release the requested agency records.

## SECOND CLAIM FOR RELIEF
### The Forest Service Failed to Disclose Non-Exempt, Responsive Records

43. Guardians incorporates by reference the allegations in the preceding paragraphs.

44. On September 23, 2024, the Forest Service informed Guardians of its decision to withhold 5,916 pages of responsive records under Exemption 5; it also partially redacted another 51 pages. The agency provided no factual support for its withholdings beyond asserting that the records represented "inter-agency discussions on decision making matters" and that their release could have a "chilling effect" on future agency discussions.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF— 10

45. Many thousands of pages of redacted documents appear to consist mostly or entirely of attachments to unredacted emails, which identify the withholdings as "bob's reports" and "Periodic Timber Sale Accomplishment Reports" ("PTSAR"), which are released on a semi-regular basis. Perhaps inadvertently, the Forest Service did release one un-redacted report from September 30, 2020, shedding light on the likely contents of some redacted documents.

46. From this copy of the periodic timber sale reports, it is clear that many of the withheld documents are neither pre-decisional nor deliberative. Instead, they merely list pre-determined "timber targets" for each National Forest in Region 6 and detail each Forest's progress towards their goals. These factual reports of final government actions are not protected under the deliberative process privilege.

47. Other partially or fully redacted documents appear to have been produced by or for the American Forest Resource Council or the Federal Timber Purchasers Committee, not by agency personnel. These non-governmental entities are timber industry trade associations that advocate for, and often litigate on behalf of, the logging companies and timber purchasers that comprise their memberships. Records produced by or shared with these third parties are not protected under Exemption 5.

48. Most of the fully redacted documents lack any context clues as to their contents, and the Forest Service has not described these records or justified their withholding, as the agency must do to support its invocation of Exemption 5.

49. Moreover, the Forest Service has failed to support its vague, generalized assertion that releasing *any* of the redacted documents would harm the agency, as it must do for each record it chooses to withhold. Its boilerplate allusions to a potential "chilling effect" on future discussions do not constitute a "focused and concrete demonstration of why disclosure of the

particular type of material at issue will, in the specific context of the agency action at issue, actually impede those same agency deliberations going forward." *Reps. Comm.*, 3 F.4th at 370.

50. Without a specific description of the withheld records and a non-speculative explanation of how their release would harm the agency, the Forest Service cannot lawfully withhold any of the documents at issue. *See Ctr. for Investigative Reporting v. U.S. Customs & Border Prot.*, 436 F. Supp. 3d 90, 106 (D.D.C. 2019).

51. To overcome FOIA's strong presumption in favor of disclosure, the Forest Service bears the burden of justifying, in concrete detail, its decision to withhold public records to which Guardians is entitled. *See Senate of Puerto Rico v. U.S. Dep't of Justice,* 823 F.2d 574, 585 (D.C. Cir. 1987).

52. The Forest Service has unlawfully withheld agency records responsive to Guardians' FOIA request.

53. Guardians is entitled to injunctive relief compelling the prompt release and disclosure of the requested agency records.

**THIRD CLAIM FOR RELIEF**
**The Forest Service Failed to Segregate and Disclose**
**Non-Exempt Portions of Responsive Records**

54. Guardians incorporates by reference the allegations in the preceding paragraphs.

55. As set forth above, the Forest Service failed to justify its withholding of *any* documents under Exemption 5. However, even if some of the withheld information is properly exempt from disclosure, the Forest Service failed to properly segregate and disclose non-exempt portions of the records containing such privileged information.

56. FOIA expressly commands that agencies "shall" disclose "[a]ny reasonably segregable portion of a record . . . after deletion of the portions of the record which are exempt."

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF—12

5 U.S.C. § 552(b). An "agency cannot justify withholding an entire document simply by showing that it contains some exempt material." *Stolt-Nielsen Transp. Group Ltd. v. United States*, 534 F.3d 728, 734 (D.C Cir. 2008).

57. The Forest Service fully withheld over 5,000 pages of records without segregating and disclosing non-privileged portions thereof. Indeed, the agency did not even assert that it had attempted to disclose any "reasonably segregable" material. *See Hodge v. FBI*, 703 F.3d 575, 582 (DC Cir. 2013). The Forest Service has not met its burden to demonstrate that all reasonably segregable, nonexempt information has been released.

58. The Forest Service has unlawfully withheld agency records responsive to Guardians' FOIA request.

59. Guardians is entitled to injunctive relief compelling the prompt release and disclosure of the requested agency records or any non-exempt portions thereof.

## REQUEST FOR RELIEF

WHEREFORE, Guardians respectfully requests that this Court:

A. Declare that the Forest Service has violated FOIA for the reasons set forth above;

B. Order the Forest Service to comply with FOIA by conducting an adequate search for records responsive to FOIA request No. 2024-FS-R6-04259-F;

C. Order the Forest Service to comply with FOIA by disclosing all non-exempt records and portions of records responsive to FOIA request No. 2024-FS-R6-04259-F;

D. Order the Forest Service to comply with FOIA by providing a detailed description of its search methods, any records or portions of records it believes exempt from disclosure, and how it believes disclosure of such information would concretely harm the interests protected by the allegedly applicable exemption;

  E. Award Guardians its costs and reasonable attorneys' fees in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

  F. Grant Guardians such further and additional relief as this Court may deem just and proper.

Respectfully submitted this 25th day of March, 2025.

          /s/ *Jennifer Schwartz*
          Jennifer R. Schwartz
          Bar No. OR072978
          WildEarth Guardians
          213 SW Ash St., Suite 202
          Portland, OR 97204
          503-780-8281
          jschwartz@wildearthguardians.org

          Erin Hogan-Freemole
          Oregon Bar No. 212850
          WildEarth Guardians
          213 SW Ash St., Suite 202
          Portland, OR 97204
          971-417-6851
          ehoganfreemole@wildearthguardians.org
          (*applicant for Pro Hac Vice status*)

        *Attorneys for Plaintiff WildEarth Guardians*